**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| JOHN GAVAGHAN, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No.  12-6389 |
| | : | |
| SAYED BIBI SAID | : | |
| and | : | |
| SOUTHLAND CORP., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                    **JUNE  14, 2013**

Presently before this Court is Defendants, Sayed Bibi Said and Southland Corporation's,

Motion for Sanctions.[1]  For the reasons set forth below, Defendants' Motion is granted.

**I.      BACKGROUND**

**The Parties**

Plaintiff, John Gavaghan ("Plaintiff"), is an adult individual residing in Philadelphia,

Pennsylvania.  (Compl. ¶ 1.)  Defendant, Sayed Bibi Said (singularly "Defendant Said"), is an

adult individual residing in Oakley, California.  (Not. of Removal ¶ 17.)  Defendant, Southland

Corporation (singularly "Defendant 7-Eleven") changed its name to 7-Eleven, Corporation, in

1999.  (Id. ¶ 18.) Defendant 7-Eleven is a Texas corporation with its principal place of business

---

[1]Plaintiff has neglected to file any documents in opposition to Defendants' Motion for Sanctions. Pursuant to Local Rule 7.1(c) we may grant Defendants' Motion as uncontested.  See E.D. Pa. L.R. 7.1(c) (stating that absent a timely response, a court may grant motion as uncontested).  However, out of an abundance of caution, we proceed to analyze Defendants' Motion.

in Dallas, Texas.  (Id. ¶ 19.)  Defendant Said operates a 7-Eleven store at 5231 Harbison Avenue in Philadelphia, Pennsylvania.  (Compl. ¶ 2.)  Plaintiff's suit against Defendant Said and Defendant 7-Eleven (collectively "Defendants") is for personal injury suffered as a consequence of allegedly dangerous conditions at the 7-Eleven storefront on Harbison Avenue.  (Id. ¶ 8.)

**Plaintiff's Allegations**

On or about September 11, 2010, Plaintiff was walking into the 7-Eleven store on Harbison Avenue when he tripped, stumbled and fell over a concrete wheel stop that was off its moorings.  (Id. ¶¶ 6, 8.)  Defendants did not place any warning signs or markers indicating the dangerous condition on their premises.  (Id. ¶ 7.)  Plaintiff suffered severe and permanent injuries to his hip, neck, back, spine and limbs, as well as multiple abrasions and contusions, and severe shock to his nerves and nervous system.  (Id. ¶ 9.)  These injuries have resulted in cosmetic disfigurement, physical and mental impairment, as well as physical pain, mental anguish, embarrassment and humiliation, which prevent Plaintiff from performing all or substantially all of the material acts, duties and occupations which constitute his usual and customary activities.  (Id. ¶¶ 13-14.)  Additionally, Plaintiff has suffered financial expenses and losses including a loss of his earnings and impairment of his earning capacity, which may continue into the future.  (Id. ¶¶ 11-12.)

## II.    PROCEDURAL HISTORY

Plaintiff filed a Complaint against Defendants in the Court of Common Pleas of Philadelphia County on September 7, 2012.  (Not. of Removal at 1.)  Noting the complete diversity of the parties and that the amount in controversy exceeds $75,000, Defendants removed the litigation to federal court on November 13, 2012.  (Id.)

After a telephone conference between the Court and the parties, discovery began on November 30, 2012, and was to be completed by May 1, 2013.  (Sch. Order Nov. 30, 2012.)  The record evidences repeated noncooperation by Plaintiff, which required Defendants petitioning this Court for relief.  These incidents are summarized in the following:

**Defendants' Motion for Contempt and Compel Compliance with a Subpoena**

On December 17, 2012, Defendants served Plaintiff with a subpoena requesting the production of certain photographs of the site where the alleged injury occurred and any information relating to these photographs.  (Defs.' Mot. for Contempt ¶ 5.)  Plaintiff's response was due January 7, 2013.  (Id. ¶ 6.)  After not receiving any response, Defendants sent letters to Plaintiff on January 25, 2013, and February 14, 2013.  (Id. ¶¶ 7-8.)  Plaintiff again failed to respond in any way to Defendants' attempts at correspondence, which necessitated Defendants to file a Motion for Contempt and to Compel Compliance with the Subpoena on March 7, 2013. (Doc. 9.)  Five days later, we granted Defendants' Motion and Ordered Plaintiff to produce the requested materials.  (See Doc. 10.)

**Defendants' Motions to Compel**

On January 22, 2013, Defendants filed a Motion to Compel Plaintiff's Response to Defendants' Interrogatories and Document Requests.  (Doc. 6.)  The Motion asserted that Plaintiff had failed to respond in any way to Defendants' discovery requests, which were due on January 2, 2013, nor respond to a letter sent by Defendants on January 10, 2013, informing Plaintiff of his non-compliance.  (Id. at 3.)  On January 24, 2013, we issued an Order compelling Plaintiff to provide full responses to Defendants' interrogatories and document requests within ten days or Plaintiff would be sanctioned by this Court.  (See Doc. 7 (Ct. Order Jan. 24, 2013)).

Plaintiff submitted responses to the discovery requests on February 1, 2013; however, Plaintiff's responses were incomplete. (Defs.' Mot. to Compel (Doc. 11) ¶ 7.) Defendants notified Plaintiff of the inadequacies of his responses by letter, which specifically stated that the responses were not in accordance with the Federal Rules of Civil Procedure and that Plaintiff did not provide written responses to the Request for Production of Documents, nor full and complete responses to two interrogatories. (Id. ¶ 8.) On February 13, 2013, Plaintiff's attorney sent a letter to Defendants amending the answers to two interrogatories. (Id. ¶ 9.) Thirteen days later, Defendants sent another letter to Plaintiff pointing out the continuing deficiencies in Plaintiff's responses. (Id. ¶ 10.) Plaintiff's continued non-compliance with Defendants' discovery requests and the January 24, 2013 Order of this Court impelled Defendants to file another Motion to Compel Plaintiff's Response to Defendants' Interrogatories and Document Requests. (See Doc. 11.) On April 3, 2013, we issued an Order for Plaintiff to provide full and verified responses to Defendants' document requests and interrogatories within ten days or Plaintiff would suffer sanctions. (See Doc. 15.) The Order specifically required Plaintiff to provide information relating to his earnings from a horse racing business known as Buddy Boy Stables. (Id.) This information is integral to Defendants' ability to defend against Plaintiffs' lost earnings claim. (Def.'s Mot. for Sanctions ¶ 9-10.) Although more than a month has passed since our April 3, 2013 Order, Plaintiff has not produced the records and tax returns related to this purported business loss claim. (Id. ¶ 12.)

### Plaintiff's Failure to Appear at a Medical Examination

In a letter dated March 2, 2013, Defendants notified Plaintiff's counsel that Plaintiff was scheduled for a medical examination pursuant to Federal Rules of Civil Procedure 35 at the

4

Rothman Institute on May 2, 2013.  (Id. ¶ 17; see also Fed. R. Civ. P. 35.)  Out of an abundance

of caution, Defendants provided Plaintiff, at his April 24, 2013 deposition, with a copy of the

letter setting the medical examination date and time.  (Id.)  Plaintiff failed to appear at the May 2,

2013 examination.  (Id. ¶ 18.)  Due to Plaintiff's failure to attend the examination, Defendants

are unable to reschedule an appointment prior to the May 30, 2013 deadline for submission of

Defendants' expert disclosures.  (Id. ¶ 20.)  In addition, the Rothman Institute charges a $1,000

fee for rescheduling a medical examination.  (Id. ¶ 21.)

### Plaintiff's Failure to Make any Expert Disclosures

Pursuant to our Scheduling Order of November 30, 2012, Plaintiff was required to

identify his expert witness(es) no later than May 1, 2013.  (Id. ¶ 22.)  Despite being reminded by

Defendants, Plaintiff has not, at the time of this Opinion, identified any medical or economic loss

expert to Defendants.  (Id. ¶ 23.)

## III.  DISCUSSION

Defendants seek sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure

37(b)(2)(A) and (C) due to Plaintiff's persistent failure to provide discovery and for the

continued violation of this Court's Orders.  Defendants argue that dismissal is proper "[I]n light

of plaintiff's repeated failure to comply with discovery, including plaintiff's failure to comply

with this Court's Orders, failure to appear at the agreed upon medical examination, failure to

disclose relevant tax returns and failure to disclose any experts by the Court mandated deadline."

(Defs.' Mot. for Sanctions at 8.)  In the alternative, Defendants contend that Plaintiff should be

precluded from advancing any wage or business loss claim and precluded from advancing any

claim or all medical records relating to hip pain and injuries suffered by Plaintiff.  (Id.)  With due

regard for Plaintiff's repeated violations of the Federal Rules and the Orders of this Court, we find dismissal with prejudice to be the only appropriate sanction.

The Federal Rules permit dismissal as a sanction when a party fails to obey a court order compelling discovery.  See Fed. R. Civ. P. 37(b)(2)(A)(v).  Dismissal with prejudice is a drastic sanction which the United States Supreme Court has declared as "extreme."  Wesley v. Dixon, 198 Fed. App'x. 249, 251 (3d Cir. 2006) (quoting Nat'l Hockey League v. Met. Hockey Club, Inc., 427 U.S. 639, 643 (1976)).  Recognizing the severity of dismissal with prejudice, the United States Court of Appeals for the Third Circuit has constructed a six-factor analysis, known as the Poulis factors, to scrutinize and ultimately sift out the unworthy cases.  See Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863 (3d Cir. 1984).  Before imposing any sanctions that "deprive a party of the right to proceed with or defend against a claim," courts must view the circumstances of the case through the lens of the Poulis factors.  See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1148 (3d Cir. 1990).

The factors to be weighed under Poulis are:  (1) the extent of the parties' personal responsibility; (2) the prejudice to the defendant; (3) the history of dilatoriness; (4) whether the conduct was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim.  Poulis, 747 F.2d at 868.  Each factor does not need to be satisfied for the district court to dismiss a claim.  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).  However, all the factors must be considered.  Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).  After carefully reviewing these factors, we conclude that Plaintiff's repeated disregard for the Federal Rules and the Orders of this Court warrant dismissal with prejudice.

A.     **The Poulis Factors**

**(1) The Extent of Plaintiff's Personal Responsibility**

Even though Plaintiff is represented by counsel, it is undeniable that Plaintiff bears some level of personal responsibility.  Plaintiff failed to attend a medical examination that was required by Rule 35 after receiving adequate notice from Defendants.  Additionally, Plaintiff has neglected to provide Defendants with tax and earning records that are pertinent to Plaintiff's claims for economic loss.  Thus, we weigh this factor in Defendants' favor.

**(2) Prejudice to Defendants**

Defendants have been severely prejudiced by Plaintiff's failures to provide the necessary discovery materials and follow the Orders of this Court.  Plaintiff's transgressions have cost Defendants significant time and money to attempt to coax compliance from Plaintiff.  See Poulis, 747 F.2d at 868; Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-74 (3d Cir. 1994) (finding burdens or costs imposed on a defendant to gain compliance with court orders are prejudicial).  Overall, Defendants' efforts at putting together a proper defense have been thwarted by Plaintiff's consistent non-compliance.  See Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003) (finding prejudice where ability to prepare effectively a full and complete trial strategy is impeded).  A finding of prejudice weighs heavily in favor of dismissal.  See Adams, 29 F.3d at 874; Huertas v. City of Phila., No. 02-7955, 2005 WL 226149, at *3 (E.D. Pa. Jan. 26, 2005).

**(3) History of Dilatoriness**

A history of dilatoriness is exhibited by "extensive and repeated delay or delinquency" such as "consistent non-response to interrogatories or consistent tardiness in complying with

7

court orders." Briscoe v. Klaus, 538 F.3d 252, 260 (3d Cir. 2008) (citing Adams, 29 F.3d at 874). The record is replete with Plaintiff's dilatory conduct. Plaintiff has consistently disregarded the requirements of the Federal Rules, discovery requests made by Defendants, this Court's Scheduling Order and other Orders compelling action by Plaintiff.

**(4) Willfulness or Bad Faith**

In essence, this prong tasks the court with determining the underlying rationale behind the plaintiff's conduct. A plaintiff's "failure to comply with the court's orders and in dragging the case out [must be] willful and not merely the result of negligence or inadvertence" to find for the defendant. Emerson v. Thiel College, 296 F.3d 184, 191 (3d Cir. 2002). Thus, this Court must ascertain whether the conduct was "strategic, intentional or self-serving" and not just negligence. Adams, 29 F.3d at 875. Where the record is devoid of any indication that Plaintiff's failure was from "excusable neglect" the conclusion that his "failure is willful is inescapable." Palmer v. Rustin, No. 10-42, 2011 WL 5101774, at *2 (W.D. Pa. Oct. 25, 2011). Here, the record bears none of the signs of excusable neglect. Rather, we find that Plaintiff's conduct, if not "strategic" or "intentional," has at least been "self-serving." See Adams, 29 F.3d at 875. In addition, as noted, Plaintiff has failed to file a response to this Motion explaining his violations. Accordingly, we find that Plaintiff's conduct was willful or in bad faith. See Palmer, 2011 WL 5101774, at *2.

**(5) Effectiveness of Sanctions Other than Dismissal**

As previously noted, "dismissals with prejudice . . . are a drastic sanction, termed 'extreme' by the Supreme Court . . . and are to be reserved for comparable cases." Poulis, 747 F.2d at 867-68 (citing Nat'l Hockey League, 427 U.S. at 643). In this Circuit, dismissal has been

found appropriate for not obeying court orders.  See Deslonde v. N.J., No. 09-03446, 2010 WL

4226505, at *3 (D. N.J. Oct. 21, 2010) (sanctions less than dismissal would be ineffective for

repeated and consistent failure to respond to court orders); see also Smith v. Altegra Credit Co.,

No. 02-8221, 2004 WL 2399773, at *5 (E.D. Pa. Sept. 22, 2004) (failure to respond to court

order even after warnings indicated that additional warnings and sanctions short of dismissal

would be ineffective); Rita's Water Ice Franchise Co., LLC v. Smith Enters., LLC, No. 10-4297,

2011 WL 1196468, at *5-6 (E.D. Pa. Mar. 29, 2011) (dismissal for failure to obey court orders).

Here, Plaintiff has repeatedly disregarded the mandates of our Scheduling Order and subsequent

Orders compelling action by Plaintiff.  Consequently, we find that any sanctions short of

dismissal would be ineffective in this case.[2]

### (6) **Meritoriousness of the Claim**

 Plaintiff's noncompliant conduct has stunted the discovery process resulting in limited

information from which to ascertain the meritoriousness of Plaintiff's claims.  Thus, in this case

we have placed less weight on this factor, yet still proceed with the analysis.

The limited record, as set forth by Defendants', evidences that Plaintiff suffered previous

injury to his hip, and that the medical reports do not connote any new injury from the alleged fall

underlying this litigation.  Plaintiff has neglected to contradict this fact.  Thus, in light of the

meager record due to Plaintiff's failure to adequately participate in discovery and specifically

---

[2]Defendants requested that if the Court found dismissal not to be warranted in this case, we should enter an Order precluding any wage or business loss claim and any claim or all medical records relating to hip pain and injuries suffered by Plaintiff.   We possess this power pursuant to Rule 37.  See Fed. R. Civ. P. 37(b)(2)(A)(ii) (asserting a court may prohibit the disobedient party from supporting claims or from introducing designated matters in evidence).  However, we do not believe the preclusion of such claims and evidence would be effective in this case.

respond to Defendants' contentions, we express some skepticism at the seriousness of Plaintiff's injury, and the overall meritoriousness of his claims.

**IV.      CONCLUSION**

With regards to the <u>Poulis</u> factors, we find that the record clearly evidences that:  Plaintiff bears some level of personal responsibility; Defendants were prejudiced by Plaintiff's failure; there is a history of dilatoriness by Plaintiff; such conduct was willful or in bad faith; and dismissal with prejudice is the only effective sanction.  In sum, we are confronted with a litigant "who flagrantly violate[s] or ignore[s] court orders," and have no appropriate recourse other than dismissal with prejudice. See <u>Mindek</u>, 964 F.2d at 1373.  Accordingly, Defendants' Motion for Sanctions is granted.  Plaintiff's Complaint is dismissed with prejudice.

An appropriate Order follows.