# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN GAVAGHAN, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 12-6389 |
| SAYED BIBI SAID and SOUTHLAND CORP., | : | |
| Defendants. | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                 **JULY 3, 2013**

Presently before this Court is Plaintiff, John Gavaghan's, Motion for Reconsideration, and Defendants, Sayed Bibi Said and Southland Corporation's, Response in Opposition. For the reasons set forth below, Plaintiff's Motion is denied.

## I.   BACKGROUND

Plaintiff, John Gavaghan ("Plaintiff"), is an adult individual residing in Philadelphia, Pennsylvania. (Compl. ¶ 1.) Defendant, Sayed Bibi Said (singularly "Defendant Said"), is an adult individual residing in Oakley, California. (Not. of Removal ¶ 17.) Defendant, Southland Corporation (singularly "Defendant 7-Eleven") changed its name to 7-Eleven, Corporation, in 1999. (Id. ¶ 18.) Defendant 7-Eleven is a Texas corporation with its principal place of business in Dallas, Texas. (Id. ¶ 19.) Defendant Said operates a 7-Eleven store at 5231 Harbison Avenue in Philadelphia, Pennsylvania. (Compl. ¶ 2.) Plaintiff's suit against Defendant Said and Defendant 7-Eleven (collectively "Defendants") is for personal injury suffered as a consequence

of allegedly dangerous conditions at the 7-Eleven storefront on Harbison Avenue. (Id. ¶ 8.)

## II. RELEVANT PROCEDURAL HISTORY

The record of this litigation is replete with incidents of noncompliance by Plaintiff.[1] As a result of Plaintiff's conduct, Defendants filed a Motion for Sanctions. (See Doc. 16.) After Plaintiff neglected to file a response and upon this Court's finding that Plaintiff's conduct warranted sanctions, we dismissed Plaintiff's claims with prejudice on June 14, 2013. (See Docs. 18, 19.) Ten days later, Plaintiff filed a Motion for Reconsideration to which Defendants Responded.

## III. STANDARD OF REVIEW

A motion for reconsideration may be brought pursuant to Federal Rules of Civil Procedure 59(e) and/or 60 and Local Rule 7.1(g). The purpose of such a motion is to "correct manifest errors of law or fact or to present newly discovered evidence." Cohen v. Austin, 869 F. Supp. 320, 321 (E.D. Pa. 1994). Accordingly, a judgment may be altered or amended if the party seeking reconsideration sets forth at least one of the following conditions: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; and/or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995); Max's Seafood Café, by Lou Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). In the context of motions to reconsider, manifest injustice pertains to situations where a court overlooks some dispositive factual or legal matter that was

---

[1] A more complete recitation of Plaintiff's uncooperative conduct is set forth in a prior Opinion of this Court. See Gavaghan v. Said, No. 12-6389, 2013 WL 2519502 (E.D. Pa. June 14, 2013).

presented to it.  See In re Rose, No. 06-1818, 2007 WL 2533894, at *3 (D.N.J. Aug. 30, 2007).

A motion to reconsider judgment is not a "means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant."  Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002).  Nor is it an instrument to raise new arguments or present evidence that could have been raised prior to the entry of judgment.  See Hill v. Tammac Corp., No. 051148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006); Helfrich v. Lehigh Valley Hosp., No. 03-5793, 2005 WL 1715689, at *3 (E.D. Pa. July 21, 2005).   Since Federal Courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly.  Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).  Dissatisfaction with the Court's ruling is not a proper basis for reconsideration.  Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

**IV.    DISCUSSION**

Plaintiff has filed a Motion for Reconsideration without citing to any relevant statutory or case law.  In this Motion, Plaintiff does not point to any clear errors of law.  Rather, Plaintiff is attempting to set forth facts that would justify his noncompliance.  It is clear that a motion for reconsideration is not a mechanism to set forth arguments that should have been raised prior to an entry of Judgment.  See Hill, 2006 WL 529044, at *2; Helfrich, 2005 WL 1715689, at *3.  Plaintiff's Motion for Reconsideration is merely an attempt to do just that.  Plaintiff's explanations for his repeated failure to comply with Court Orders and the rules of discovery should have been set forth in a response in opposition to Defendants' Motion for Sanctions.  Plaintiff neglected to submit any response, and we find no reason to disturb our earlier Order

dismissing Plaintiff's claims with prejudice. Accordingly, Plaintiff's Motion for Reconsideration is denied.

An appropriate Order follows.